IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SEPULVEDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AHMED A. SHARHAN,<br><br>　　　　Defendant. | Case No. 20-cv-00750-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR RELIEF FROM DEFAULT; DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; DIRECTIONS TO DEFENDANT**<br><br>Re: Doc. Nos. 11, 14 |

　　　　Before the Court is defendant Ahmed A. Sharhan's ("Sharhan") "Motion for Relief of Default Pursuant to CCP Section 473.5," filed July 22, 2020, which the Court construes as a motion to set aside entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Plaintiff Richard Sepulveda ("Sepulveda") has not filed opposition.[1] Having read and considered the papers filed in support of the instant motion, the Court deems the matter appropriate for determination on the moving papers, VACATES the hearing scheduled for August 28, 2020, and rules as follows.

　　　　In his complaint, Sepulveda asserts claims under the Americans with Disabilities Act ("ADA") and related state laws, based on allegations that Sharhan owned and operated Evergreen Market, a business at which he "failed to provide barrier-free

---

[1] Any opposition was due no later than August 5, 2020. See Civil L.R. 7-3(a) (providing opposition "must be filed and served not more than 14 days after the motion was filed").

access." (See Compl. ¶ 4.) Specifically, Sepulveda alleges the restroom was not accessible to persons using walkers and the entrance door of the business did not display the international symbol of accessibility.

Sepulveda has offered evidence that Sharhan was served by substituted service, specifically, that a process server, on March 28, 2019, left at the market a copy of the summons and complaint with Bashin Sharhan, an "employee" thereof, and thereafter mailed a copy of the same by first-class mail to Sharhan at the business address. (See Doc. No. 8 (Proof of Service, filed April 7, 2020).) On May 17, 2020, Sharhan, having failed to respond to the complaint or otherwise appear, Sepulveda moved for entry of default, which default was entered by the Clerk of Court on May 21, 2020. On June 22, 2020, Sepulveda filed a motion for default judgment, which, by order filed July 23, 2020, the Court took under submission, finding it appropriate to first consider the instant motion.

A district court "may set aside an entry of default for good cause." See Fed. R. Civ. P. 55(c). In determining whether to set aside an entry of default, a "district court should consider whether: (1) the plaintiff would be prejudiced by setting aside the default; (2) the defendant has a meritorious defense; and (3) the defendant's culpable conduct led to the default." See O'Connor v. Nevada, 27 F.3d 357, 364 (9th Cir. 1994). This "test" is "liberally applied" in favor of the defendant, as "judgment by default is a drastic step appropriate only in extreme circumstances." See United States v. Signed Personal Check No. 730 of Yurban S. Mesle, 615 F.3d 1085, 1091 and n.1 (9th Cir. 2010) (hereinafter, "Mesle").

In considering the above-listed factors, the Court first looks to whether Sepulveda would be prejudiced by setting aside the default. A plaintiff is prejudiced where setting aside the default "result[s] in greater harm than simply delaying resolution of the case." See Mesle, 615 F.3d at 1095 (internal quotation and citation omitted). As Sepulveda has not filed opposition, he has not identified any such harm, nor, from a review of the record presented, is any such harm apparent.

Accordingly, the first factor weighs in favor of setting aside the default.

1    The Court next considers whether Sharhan has a meritorious defense.  A
2 defendant satisfies the "meritorious defense" requirement by "alleg[ing] sufficient facts
3 that, if true, would constitute a defense."  See Mesle, 615 F.3d at 1094.  As noted,
4 Sepulveda contends the restroom was not accessible and the entrance door of the
5 business did not display required signage.  In support of the instant motion, Sharhan has
6 submitted a proposed answer containing seventeen affirmative defenses.  (See Doc. No.
7 14-2 (Brink Decl. Ex. A, filed July 22, 2020).)  In particular, Sharhan alleges, Sepulveda
8 "visited the employee only bathrooms without authority or consent," and "the barrier
9 removal [Sepulveda] seeks involves features of the facilities that were built before
10 January 26, 1993 and were not 'alterations' within the meaning of the ADA."  (See id. at
11 11:8-9; 11:22-24.)  The Court finds, at this stage of the proceedings, Sharhan's showing
12 is sufficient to identify a cognizable defense.  See Mesle at 1094 (describing defendant's
13 burden of alleging meritorious defense as "of [a] minimal nature").
14    Accordingly, the second factor weighs in favor of setting aside the default.
15    Lastly, the Court considers whether any culpable conduct on the part of Sharhan
16 led to the default.  A defendant's conduct is culpable "where there is no explanation of the
17 default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."
18 See Mesle, 615 F.3d at 1092 (internal quotation and citation omitted).  In explaining his
19 failure to respond to the complaint, Sharhan states he "has been residing out of the
20 country since October of 2019" and, as a result, had neither "seen nor learned about the
21 summons and complaint" until Hafath Sharhan, his son, "received a copy of [the] motion
22 for default judgment in the mail."  (See Doc. No. 14 (Mot. for Relief) at 1:21-24.)  Under
23 such circumstances, the Court finds Sharhan's conduct was not culpable, and further
24 finds the instant motion was timely filed.  (See Doc. No. 14-3 (Hafath Sharhan Decl., filed
25 July 22, 2020) ¶ 4 (attesting he received copy of motion in July 2020).)
26    Accordingly, the third factor weighs in favor of setting aside the default.
27 //
28 //

As each of the above-referenced factors weighs in favor of affording Sharhan relief from the entry of default, the motion is hereby GRANTED, and Sharhan is hereby DIRECTED to file his response to the complaint no later than fourteen days from the date of this order.

In light of the above, Sepulveda's Motion for Default Judgment is hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated: August 17, 2020

_____
MAXINE M. CHESNEY
United States District Judge